IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **GROVANO INC.** individually and on behalf of all other similarly situated, | Case No. 5:24-cv-404 |
| | **CLASS ACTION COMPLAINT** |
| *Plaintiff,* | **DEMAND FOR JURY TRIAL** |
| v. | |
| **UNITED ENROLLMENT SERIVCES LLC and NEO INSURANCE SOLUTIONS LLC,** | |
| *Defendants,* | |

**PLAINTIFF'S COMPLAINT**

Plaintiff Grovano Inc. ("Plaintiff" or "Grovano") brings this Class Action Complaint and Demand for Jury Trial against Defendant United Enrollment Services LLC who makes telemarketing calls for Neo Insurance Solutions LLC to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by making callings using an automatic telephone dialing system or artificial or prerecorded voice to numbers that are charged for the call without the party's express consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct.

## I.    PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business in San Antonio, Texas.

2. Defendant United Enrollment Services LLC is a Florida limited liability company that conducts business in this District.

1

3. Defendant Neo Insurance Solutions LLC is a Florida limited liability company that conducts business in this District.

## II. JURISDICTION AND VENUE

4. <u>Jurisdiction.</u> This Court has federal question subject matter jurisdiction over this action under 28 U.S.C §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. <u>Personal Jurisdiction.</u> This Court has personal jurisdiction over the Defendants because the Defendants transact business in this District and place calls to consumers into this District.

6. <u>Venue.</u> Venue is proper in this District under 28 U.S.C § 1391(b) because the wrongful conduct giving rise to this case was directed into this District.

## III. INTRODUCTION

7. The Telephone Consumer Protection Act (TCPA) is a federal law enacted in 1991 to protect consumers from unwanted and intrusive telemarketing calls, text messages, and faxes. Recognizing the growing nuisance of automated and unsolicited communications, the TCPA established regulations on the use of autodialers, prerecorded messages, and other technologies used for telemarketing purposes.

8. One key provision of the TCPA is 47 U.S.C. § 227(b) which prohibits the initiation of any telephone call using an automatic telephone dialing system or artificial or prerecorded voice without the prior express consent of the called party. This includes a telephone call to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged

2

for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA provides a private right of action to any "person or entity" to bring an action based on a violation of 47 U.S.C. § 227 to enjoin such violation, to recover damages, or both. 47 U.S.C. § 227(b)(3).

### IV. FACTUAL ALLEGATIONS

10. Defendant United Enrollment Services ("UES") operates as an authorized agent of Neo Insurance Solutions ("NIS") (together as "Defendants") with the capacity to market, sell, and service NIS insurance products to consumers.

11. Defendant UES sends telephone calls using automatic telephone dialing system or artificial or prerecorded voice to promote NIS services and solicit new clients.

12. Plaintiff's number is (210)-610-XXXX.

13. Plaintiff never consented to receive calls using automatic telephone dialing system ("autodialer") or artificial or prerecorded voices from either Defendant.

14. Despite this, Plaintiff still received at least 4 of these calls from Defendant UES.

15. Upon information and belief, Defendant UES initiated the calls using an automated system that randomly or sequentially generated Plaintiff's number.

16. Plaintiff was charged for each of these calls.

17. Plaintiff received the calls in San Antonio, Texas.

18. All calls came from the same carrier, Peerles Network.

19. On or around March 25, 2024, at 11:57 am CT, Plaintiff received a call using an autodialer or artificial or prerecorded voice to its number from Defendant UES. The call was

3

unanswered. Defendants left a voicemail with the artificial or prerecorded voice of a woman stating that she was following up on a budget wise health care program.

20. On or around April 2, 2024, at 11:23 am CT, Plaintiff received a call using an autodialer or artificial or prerecorded voice to its number from Defendant UES. This call was answered by Mark Ortega, Plaintiff's sole owner. The call began with an artificial or prerecorded voice of a woman stated she was calling on behalf of United Health regarding health plan packages. The call was then transferred to 4 other people, including another artificial or prerecorded voice. Throughout the call, neither Defendants' names were disclosed. It was not until Defendant UES believed Plaintiff was about to buy the program did Plaintiff receive an insurance policy with Defendant NIS's information. Plaintiff ended the call by requesting Defendants to stop contacting him.

21. On or around April 3, 2024, Plaintiff's attorney sent a cease-and-desist letter to Defendant NIS via email. On or around April 10, Defendant UNS, through its attorney, responded and acknowledged receipt of the letter.

22. Despite the demand to stop, Defendant UES still sent 2 more calls using an autodialer or artificial or prerecorded voice to Plaintiff on or around April 9, 2024, at 11:39 am CT and on or around April 16, 2024 at 11:19 am CT.

23. In response to these calls, Plaintiff brings forward this case seeking injunctive relief requiring the Defendants to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

V. CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure § 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**The Autodial Class:** All persons in the United States (1) who received one or more call to a service to which the called party is charged for the call 2) using an artificial or prerecorded voice or the same equipment or type of equipment utilized to initiate the calls to Plaintiff 3) within the last four years from the filing of this action.

25. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Classes definition following appropriate discovery.

26. **Numerosity and Typicality:** On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

27. **Commonality and Predominance:** There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    a.    Whether Defendants initiated the text messages;

    b.    Whether Defendants conduct violated the TCPA;

    c.    Whether members of the Classes are entitled to statutory damages, trebled damages, and injunctive relief.

28. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

29. **Appropriateness:** This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(b))**
**(On Behalf of Plaintiff and the Auto Dial Class)**

30. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 29 of this Complaint and incorporates them by reference herein.

31. The TCPA's implementing regulation, 47 USC § 227(b), prohibits the initiation of any telephone call using an automatic telephone dialing system or artificial or prerecorded voice without the prior express consent of the called party. This includes a telephone call to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii).

32. TCPA grants a private right of action to entities based on a violation of § 227(b) or the regulations prescribed under § 227(b). *See* 47 U.S.C. § 227(b)(3).

33. Defendant UES, on behalf of Defendant NIS, called Plaintiff's number at least 4 times using an automatic telephone dialing system or artificial or prerecorded voice without the express consent of Plaintiff and Plaintiff was charged for the calls.

34. As a result of Defendants' conduct as alleged herein, Plaintiff and the Auto Dial Class suffered actual damages and, under section 47 U.S.C. § 227(b)(3), are entitled, inter alia, to receive up to $500 in damages for such violation.

35. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the members of the Auto Dial Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) Certification of the proposed Classes;

b) Appointment of Plaintiff as representative of the Classes;

    c) Appointment of the undersigned counsel as counsel for the Classes;

    d) An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls using artificial or prerecorded voices to numbers that did not provide express consent, absent an emergency circumstance;

    e) An award to Plaintiff and the Classes of damages, as allowed by law; and

    f) Such further and other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**Grovano Inc.** individually and on behalf of all others similarly situated,

DATED this 18th day of April 2024.

By:

**ALMANZA TERRAZAS PLLC**
13423 Blanco Rd, PMB 8098
San Antonio, Texas 78216
Telephone: 512-900-9248
Email: paulina@almanza.legal

/s/ **Paulina Almanza**
Paulina Almanza
State Bar No. 24109580
Attorney for Plaintiff Grovano Inc.