IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GROVANO INC., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED ENROLLMENT SERVICES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

Case No. 5:24-cv-00404-JKP-HJB

**DEFENDANT UNITED ENROLLMENT SERVICES LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant United Enrollment Services LLC ("UES" or "Defendant"), by counsel, hereby answers, paragraph by paragraph, Plaintiff Grovano Inc.'s Class Action Complaint (ECF No. 1) ("Complaint") filed April 18, 2024.

## I.  PARTIES

1. The allegations contained in this paragraph of the Complaint are not directed at UES, and therefore no response is required from it. To the extent a response is required, UES is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

2. UES admits only that it is a Florida limited liability company and that it is licensed to sell insurance products in Texas.

3. The allegations contained in this paragraph of the Complaint are not directed at UES, and therefore no response is required from it. To the extent a response is required, UES is

1

without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

## II.   JURISDICTION AND VENUE

4. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

5. UES denies that this Court has personal jurisdiction over it and that it places any unsolicited or prerecorded calls to consumers located in the Western District of Texas. UES is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph of the Complaint, and therefore denies them.

6. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

## III.   INTRODUCTION

7. The allegations contained in this paragraph of the Complaint call for legal conclusions, and do not represent a complete and accurate recitation of the applicable legal regime, such that no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

8. The allegations contained in this paragraph of the Complaint call for legal conclusions, and do not represent a complete and accurate recitation of the applicable legal regime, such that no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

9. The allegations contained in this paragraph of the Complaint call for legal conclusions, and do not represent a complete and accurate recitation of the applicable legal regime, such that no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

### IV. FACTUAL ALLEGATIONS

10. UES admits only that it has a commercial relationship with Neo under which it is authorized to sell certain Neo-administered insurance products; UES denies the remaining allegations in this paragraph to the extent they do not accurately describe UES's commercial relationship with Neo or otherwise include legal conclusions, to which no response is required and UES denies.

11. Denied.

12. The allegations contained in this paragraph of the Complaint are not directed at UES, and therefore no response is required from it. To the extent a response is required, UES is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

13. UES is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

14. Denied.

15. Denied.

16. UES denies that it called Plaintiff. UES is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

17. UES denies that it called Plaintiff. UES is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

18. UES denies that it called Plaintiff. UES is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

19. UES denies that it called Plaintiff or left a voicemail with Plaintiff on or around March 25, 2024. UES is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

20. UES admits only that during a phone call on April 2, 2024, a person identifying themselves as Mr. Ortega spoke with at least one UES representative. UES denies that it called Plaintiff on or around April 2, 2024. UES is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in his paragraph, and therefore denies them.

21. UES admits only that Plaintiff's counsel sent a letter dated April 3, 2024, to which UES responded via counsel; the letter and response speak for themselves, and UES denies any allegations in this paragraph inconsistent with the letter and response.

22. Denied.

23. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

4

## V. CLASS ACTION ALLEGATIONS

24. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

25. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

26. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

27. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

28. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

29. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

**FIRST CAUSE OF ACTION**
Telephone Consumer Protection Act
(Violation of 47 U.S.C. 277(b))
(On Behalf of Plaintiff and the Auto Dial Class)

30. UES incorporates its responses to paragraphs 1-29 above as if fully set forth herein.

31. The allegations contained in this paragraph of the Complaint call for legal conclusions, and do not represent a complete and accurate recitation of the applicable legal regime, such that no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

32. The allegations contained in this paragraph of the Complaint call for legal conclusions, and do not represent a complete and accurate recitation of the applicable legal regime, such that no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

33. UES denies that it called Plaintiff. UES is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff was charged for the alleged calls, and therefore denies it.

34. Denied.

35. The allegations contained in this paragraph of the Complaint call for legal conclusions to which no response is necessary, but to the extent a response is deemed required, UES denies the allegations.

Plaintiff's prayer for relief contains legal conclusions that do not require a response from UES, but if a response is deemed required, UES denies the allegations and denies that Plaintiff or any class member is entitled to any relief.

## GENERAL DENIAL

All the allegations set forth in the Complaint not specifically admitted above are denied.

## SEPERATE AND AFFIRMATIVE DEFENSES

1. Any alleged damages suffered by Plaintiff resulted from the acts or omissions of third parties who were not agents of UES, over whom UES exercised no control or authority and for whose conduct UES is not responsible.

2. Plaintiff has failed to satisfy conditions precedent to maintaining its claims, including as to standing and the identity of the party that made or initiated the alleged calls identified in the Complaint.

3. Plaintiff's claim is barred to the extent it and/or any purported class member provided the necessary level of express consent prior to receiving the alleged calls identified in the Complaint.

4. Plaintiff's claim is barred on the ground that UES did not make or initiate the alleged calls identified in the Complaint.

5. Plaintiff's claim is barred to the extent the person(s) or entity(ies) making or initiating the alleged calls identified in the Complaint had no authority, actual or apparent, to act on UES's behalf.

6. Plaintiff's claim is barred as UES acted reasonably and with due care, and complied with all applicable statutory, regulatory, and common law requirements.

7. Plaintiff's claim is barred on the ground that it has been fully compensated for the violations of the TCPA alleged in the Complaint.

8. Plaintiff's claim is barred to the extent the Court lacks jurisdiction over the subject matter of the claim.

9. Plaintiff's claim is barred to the extent it and/or any purported member lacks standing to assert them.

10. Plaintiff's claim is barred to the extent the alleged calls identified in the Complaint were not made using any artificial or prerecorded voice within the meaning of 47 U.S.C. § 227.

11. Plaintiff's claim is barred to the extent it otherwise is outside the scope of, or falls within any exemption from, 47 U.S.C. § 227.

12. Plaintiff fails to state a claim for relief under Federal Rule of Civil Procedure 23.

13. Plaintiff's putative class claim fails as individual questions concerning class members predominate over any common questions of law or fact.

14. Plaintiff cannot demonstrate that class relief is superior to any alternative adjudication of individual member's claims.

15. Plaintiff has failed to plead an ascertainable class.

16. An award of statutory damages violates the Due Process Clause of the United States Constitution.

17. An award of elevated statutory damages is inappropriate as UES did not engage in any knowing or willful misconduct.

18. Plaintiff's claim is barred by any other matter constituting an avoidance or defense on legal or equitable grounds.

## RESERVATION OF RIGHTS

UES reserves the right to amend this Answer and/or to assert additional defenses and/or supplement, alter, or change any of the responses set forth in this Answer in any manner upon further investigation and/or discovery.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, UES prays that the Complaint be dismissed with prejudice, with UES being awarded all costs of suit, including attorneys' fees, as they may be payable pursuant to applicable law.

Dated: June 17, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　UNITED ENROLLMENT SERVICES LLC

　　　　　　　　　　　　　　　　　　　　　By Counsel

　　　　　　　　　　　　　　　　　　　　　/s/ *Mitchell N. Roth*
　　　　　　　　　　　　　　　　　　　　　Mitchell N. Roth (VBN 35863) (Admitted)
　　　　　　　　　　　　　　　　　　　　　ROTH JACKSON
　　　　　　　　　　　　　　　　　　　　　8200 Greensboro Dr., Suite 102
　　　　　　　　　　　　　　　　　　　　　McLean, VA  22102
　　　　　　　　　　　　　　　　　　　　　T: 703-485-3536
　　　　　　　　　　　　　　　　　　　　　F: 703-485-3525
　　　　　　　　　　　　　　　　　　　　　Email: mroth@rothjackson.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of June 2024, I caused a copy of the foregoing Answer to be served upon counsel for Plaintiff, via the Court's ECF System, as follows:

Paulina Almanza  
Almanza Terrazas PLLC  
13423 Blanco Rd, PMB 8098  
San Antonio, TX 78216  
Email: paulina@almanza.legal

                                        /s/ *Mitchell N. Roth*  
                                        Mitchell N. Roth